IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN B. HARRIS,

                Petitioner,

      vs.

MICHAEL B. MYERS,

                Respondent.

**8:20CV235**

**MEMORANDUM AND ORDER**

       This matter comes for initial review of a § 2241 habeas petition filed by Mr. Harris. He is a pretrial detainee who complains his case is taking too long. From taking judicial notice of his state court file, I also see that he is concerned with his health due to COVID-19, although he does not allege he is particularly vulnerable.[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

       The petition attacks the pretrial detention of Petitioner and without spending more time than necessary, it is sufficient to write that: "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). After taking judicial notice of the pending criminal matter, no such special circumstances are shown here. It appears that the state trial judge is progressing the state case much as this court has progressed federal criminal cases because of the pandemic.

---

[1] *State of Nebraska v. Kevin Harris*, CR 19-3013 (Douglas County District Court). He is charged with assault in the second degree, use of a deadly weapon to commit a felony, and being a habitual criminal. The offense is alleged to have taken place on June 6, 2019. The defendant hired a new lawyer who made his appearance on January 17, 2020, after Petitioner became dissatisfied with his court-appointed counsel. On March 19, 2020, the trial judge continued this case due to the court's inability to safely select a jury due to the pandemic and excluded the time under state law. A hearing was held on May 4, 2020, and this matter was continued. The hearing addressed Petitioner's mental capacity and, so far as I have been able to determine, that matter remains unresolved. The record reflects that a pretrial conference was scheduled for June 2, 2020. On June 29, 2020, Petitioner filed a pro se motion to dismiss under Nebraska law claiming his speedy trial rights have been violated and that matter remains pending. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1.      The petition for writ of habeas corpus under § 2241 (filing no. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2.      The court will enter judgment by separate document.

Dated this 10th day of July, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge